UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEVE HAAG,

                                  Plaintiff,

    -v.-                                                  5:10-cv-77

CITY OF SYRACUSE, SYRACUSE
CITY POLICE DEPARTMENT, DET.
MICHAEL MUSENGO,

                                  Defendants.

---

APPEARANCES

| | |
|---|---|
| OFFICE OF BRIAN P. BARRETT | BRIAN P. BARRETT, ESQ. |
| *Attorney for Plaintiff* | |
| 72 Olympic Drive | |
| Lake Placid, New York 12946 | |
| | |
| CITY OF SYRACUSE | JAMES P. MCGINTY, ESQ. |
| LAW DEPARTMENT | |
| *Attorneys for Defendants* | |
| 233 East Washington Street | |
| 300 City Hall | |
| Syracuse, New York 13202 | |

NEAL P. McCURN, Senior District Judge

*Memorandum, Decision, and Order*

## *I. Introduction*

Plaintiff Steve Haag ("Plaintiff") commenced this action against defendants

City of Syracuse ("City"); Syracuse Police Department ("SPD"); and SPD Detective Michael Musengo, ("Musengo") (collectively, "Defendants").  Dkt. No. 1.  Plaintiff alleges violations of his rights under the United States Constitution.  Id.  Presently before the court is a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 7.  Plaintiff has opposed the motion.  Dkt. No. 9.  Resolution of this motion is based on the papers submitted, without oral argument.

## *II.  Legal Standard*

When deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the factual allegations in the complaint as true and draw all inferences in favor of the plaintiff.  See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003) (quoting Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001)).  The court is generally "required to look only to the allegations on the face of the complaint."  Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).

In order to survive a Rule 12(b)(6) motion, a plaintiff must allege enough facts "to raise a right of relief above the speculative level."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955 (2007).  The complaint must contain sufficient factual allegations, accepted as true, to state a facially plausible

1

claim. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2000) (quoting Twombly, 550 U.S. at 570). However, assessing whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

### III.  Factual Background

The court will, as it must, accept as true the following allegations in plaintiff's complaint.

On or about January 16, 2009, at approximately 1:30 p.m., Plaintiff was shot multiple times by SPD officers, including Musengo. This shooting occurred as Musengo and the police officers were in the process of arresting Plaintiff. Plaintiff did not resist or disregard the requests of the police officers. Musengo and the other police officers continued an "unnecessary" use of force even after they saw that Plaintiff was injured. Plaintiff contends that the City and SPD did not adequately train Musengo and the other police officers.

### IV.  Discussion

#### A.  Claims Pursuant to 42 U.S.C. § 1983

Defendants argue that Plaintiff has not identified the federal rights he is attempting to vindicate. See Dkt. No. 7 at 6. The court disagrees. Plaintiff

2

explicitly alleges that Defendants' use of firearms against him on January 16, 2009, violated the Fourth, Fifth, and Fourteenth Amendments of the Untied States Constitution.  Dkt. No. 1 at 4.

    A claim of excessive force during the course of an arrest, investigatory stop, or other seizure of one's person is properly analyzed under the Fourth Amendment's "objective reasonableness" standard.[1]  Graham v. Connor, 490 U.S. 386, 394-99, 109 S. Ct. 1865 (1989).  The substantive due process rights provided by the Fourteenth Amendment apply only in situations where the protections provided by the Fourth and Eighth Amendment[2] are not applicable.  See County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 1716 (1998) (citations omitted).  For example, a suspected felon who is killed during a police chase is afforded protections under the Fourteenth Amendment.  See id.  In that situation, the felon is not "seized" so as to implicate the Fourth Amendment, nor is he in the post-prosecution stage, which is where the Eighth Amendment would apply.  Id.  Finally, the Fifth Amendment's due process protections are not applicable in

---

  [1] The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person.  U.S. CONST. amend. IV.

  [2] The Eighth Amendment standard "applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions" i.e. during the post-conviction stages.  Ingraham v. Wright, 430 U.S. 651, 671 n.40, 97 S. Ct. 1401 (1977).

excessive force claims.  Accordingly, Plaintiff's Fifth and Fourteenth Amendment due process claims are **dismissed**.

Under the Fourth Amendment's "objective reasonableness" standard, the court balances the "'nature and quality of the intrusion' on the individual's Fourth Amendment interests against the countervailing governmental interest at stake." Graham v. Connor, 490 U.S. at 396 (quoting Terry v. Ohio, 392 U.S. 1, 24, 88 S. Ct. 1868 (1968)).  The pertinent question is whether government officials acted reasonably "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citations omitted). Thus, this objective inquiry analyzes whether a reasonable officer would have acted similarly under the same specific facts and circumstances, including the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.

Defendants argue that Plaintiff "fail[ed] to assert any individual allegations against each of the named defendants," failed to state who violated his civil rights, and failed to articulate how those rights were violated.  Dkt. No. 7 at 6.  But the Supreme Court has reiterated that the liberal notice pleading standard under Rule 8

4

of the Federal Rules of Civil Procedure does not require specific facts be alleged, but only that the defendant be given "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197 (2007) (citing Twombly, 550 U.S. at 555).  Although the Complaint is sparse, Plaintiff has alleged sufficient facts to put Defendants on notice as to the federal rights he seeks to vindicate, and the factual grounds upon which he seeks relief.  Plaintiff claims that Musengo and other SPD officers used excessive force on January 16, 2009, during the course of an arrest.  Dkt. No. 1 ¶¶ 6-7.  Musengo and the other SPD officers allegedly fired upon Plaintiff even though Plaintiff was not resisting or attempting to resist arrest.  Id. ¶ 8.  Plaintiff alleges that this use of force violated his Fourth Amendment rights.[3]  Id. at 4.  Accordingly, Defendants' motion to dismiss on this basis is **denied**.

### B.  Claims Against SPD

Defendants also argue that SPD should be dismissed because it has no legal capacity to sue or be sued.  Dkt. No. 7 at 7.  An administrative arm of a municipality, such as SPD, "cannot sue or be sued because it does not exist

---

[3] It should be noted that Defendants do not dispute that Musengo shot Plaintiff on January 16, 2009. Dkt. No. 7 at 4.  Rather, they argue that Musengo was justified in doing so. At this stage in the proceedings, the court need not determine whether the use of force was reasonable.  In analyzing a Rule 12(b)(6) motion to dismiss, the court must accept the allegations set forth in the complaint as true.

separate and apart from the municipality and does not have its own legal identity." Leland v. Moram, 100 F. Supp. 2d 140, 145 (N.D.N.Y. 2000) (internal quotation omitted); see also Clayton v. City of Kingston, 44 F. Supp. 2d 177, 183 (N.D.N.Y. 1999). Accordingly, all claims against SPD are **dismissed**.

### *C.  Claims Against the City*

Defendants further argue that the City should be dismissed because there is no indication of the existence of a custom or policy. Dkt. No. 7 at 7. A municipal entity may not be held liable pursuant to § 1983 under the theory of *respondeat superior*; rather, a municipal liability may be liable only where its employee acted pursuant to an official policy, custom, or practice of the entity. See Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694-95, 98 S. Ct. 2018 (1978). See also Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990). Such a policy or custom may "be inferred where the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004) (quoting Kern v. City of Rochester, 93 F.3d 38, 44 (2d Cir. 1996)) (internal quotation marks omitted).

Here, Plaintiff alleges that Musengo and the other police officers were

improperly trained by the City and SPD. Dkt. No. 1 ¶¶ 14, 22; Dkt. No. 9 ¶ 11. Where the court is considering a Rule 12(b)(6) motion to dismiss, it is assumed that Plaintiff can satisfy the elements of his Monell claim.  See Muhammad v. City of Peekskill, No. 06-CV-1899, 2008 WL 4452355, at *6 (S.D.N.Y. Sept. 30, 2008) (citing Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 130 n.10 (2d Cir. 2004) ("It is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage, and therefore [a plaintiff] need only plead that the city's failure to train caused the constitutional violation.")).  As Plaintiff has sufficiently pled the City's failure to train its officers, the issue of whether such failure stems from a deliberate or conscious choice by the City will be left to be resolved after discovery. Accordingly, Defendants' motion to dismiss the claims against the City is **denied**.

### *D.  Official Capacity Claims Against Musengo*

Here, Plaintiff has sued Musengo in his official and individual capacities. Dkt. No. 1 at 5.  Claims against a government employee in his official capacity are treated as a claim against the municipality. See Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358 (1991).  Accordingly, the official capacity claim against Musengo is **dismissed** as duplicative.

7

## V.  Conclusion

In accordance with the foregoing discussion, it is hereby

ORDERED that the motion by Defendants be GRANTED in part and DENIED in part; it is further

ORDERED that Plaintiff's Fifth and Fourteenth Amendment claims be dismissed; it is further

ORDERED that Plaintiff's claims against the Syracuse Police Department be dismissed; it is further

ORDERED that the official capacity claims against Musengo be dismissed; and it is further

ORDERED that the motion to dismiss filed by Defendants against Plaintiff be DENIED in all other respects.

IT IS SO ORDERED.


DATED:    August 9, 2011
          Syracuse, New York

_____
Neal P. McCurn
Senior  U.S. District Judge